DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
ERIC A. RIVAS (Bar No. 324577)
eric.rivas@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Attorneys for Defendant
RENT THE RUNWAY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHIONPASS, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>RENT THE RUNWAY, INC.; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>         Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a)**<br><br>(Los Angeles Superior Court Case No. 19STCV10151) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Rent the Runway, Inc. ("RTR"), by its undersigned attorneys, hereby removes the above-captioned action (this "Action") from the Superior Court of Los Angeles County to the United States District Court for the Central District of California, and as grounds for said removal, state as follows:

## BACKGROUND

1. On or about March 26, 2019, FashionPass, Inc. ("FashionPass" or "Plaintiff"), commenced this Action by the filing of a complaint captioned *FashionPass, Inc. v. Rent the Runway, Inc. et al.*, Case No. 19STCV10151 (the "Complaint"), in the Superior Court of Los Angeles County in the State of California.

2. The Complaint names RTR and unidentified Does 1 through 100, inclusive, as defendants. True and correct copies of the Complaint and the Summons served on RTR are attached hereto as Exhibit ("Ex.") A. Effective April 14, 2019, the Action was reassigned from Judge David Sotelo to Judge Michael L. Stern. A true and correct copy of the Notice of Reassignment and Order for Plaintiff to Give Notice is attached hereto as Ex. B. A true and correct copy of Plaintiff's Notice of Case Reassignment is attached hereto as Ex. C. All process, pleadings, and orders served on Defendants are attached to this Notice as required by 28 U.S.C. § 1446(a).

3. RTR was served on March 29, 2019. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b). No answers or other responsive pleadings have been filed by RTR.

4. The United States District Court for the Central District of California is the appropriate court for filing a Notice of Removal from the Superior Court for the County of Los Angeles, where the instant Action is pending and, accordingly, RTR removes this Action to this Court.

5. In its Complaint, FashionPass seeks injunctive relief and the recovery claiming over $3 million ($3,000,000.00) in alleged damages from RTR. FashionPass

alleges that RTR engaged in anti-competitive and tortious conduct to prevent competition from FashionPass in the alleged "Fashion Rental Business" market.

6. The Complaint alleges causes of action for Violations of the Cartwright Act ("Count I"), Unfair Competition ("Count II"), Intentional Interference with Contract ("Count III"), and Intentional Interference with Prospective Economic Advantage ("Count IV"). The Complaint does not contain a demand for a trial by jury.

**CITIZENSHIP OF THE PARTIES AND AMOUNT IN CONTROVERSY**

7. Plaintiff FashionPass is a California corporation with its principal place of business in Los Angeles County, California. Ex. A at p. 2, ¶ 3.

8. RTR is a corporation organized under the laws of the state of Delaware, with its principal place of business in New York, New York. *Id.* at p. 2, ¶ 4.

9. The allegations in the Complaint with respect to the Doe defendants are sparse and not specific enough as to suggest their identity, citizenship, or relationship to the Action. *See id.* at p. 3, ¶ 6 (alleging in general terms that "FashionPass is informed and believes, and upon such information and belief alleges, that at all times material, each of DOES 1 through 100, inclusive, was the co-conspirator and/or agent of RTR; and, in connection with the acts herein alleged, each of DOES 1 through 100 was acting within the scope of such conspiracy and/or agency, and with the knowledge, authorization and consent of RTR, which thereafter ratified each and every act, omission, and wrongdoing committed by each of DOES 1 through 100. In each instance alleged in this Complaint, Does 1 through 100, and each of them, acted in pursuit of the trust alleged herein below, and aided, and assisted in carrying out the purposes of that trust.").

10. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) must exist at the time the complaint is filed and at the time removal is effected. *See Strotek Corp. v. Air Transp. Assoc. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

11. The Action concerns a dispute between citizens of different states. Complete diversity existed among the parties at the time that the Summons and Complaint were filed and continues to exist at the time this Notice of Removal is filed. *See id*. at p. 2 ¶¶ 3-4.

12. At the time the Complaint was filed, and as alleged in the Complaint, FashionPass was, and it remains at the time of the filing of this Notice of Removal, a company organized pursuant to the laws of California with its principal place of business in Los Angeles County, California, and is therefore a citizen of California. *See id*. at p. 2, ¶ 3).

13. FashionPass's allegation that RTR has "its primary place of business in California located in Woodland Hill, Los Angeles County, California" (Ex. A at p. 2, ¶ 4) is not controlling for the diversity jurisdiction analysis and does not defeat diversity jurisdiction in this Action.[1] *See Bosco Legal Servs., Inc. v. Hiscox Inc.*, 2018 WL 3012936, at *4 (C.D. Cal. June 11, 2018) (merely having offices in the state does not make the defendant corporation a citizen of that state) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)).

14. RTR is not a citizen of California, the state in which the Action was brought. As Plaintiff acknowledges, RTR is a business entity organized under the law of New York. *Id*. at p. 2, ¶ 4. For purposes of diversity jurisdiction, a corporation has the citizenship of its place of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz*, 559 U.S. at 80; *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009); *John E. Lautemann v. Bird Rides, Inc.*, 2019 WL 1670814, at *2 (C.D. Cal. Mar. 28, 2019).

15. At the time the Complaint was filed, RTR was, and it remains at the time of the filing of this Notice of Removal, a Delaware corporation, duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place

---

[1] In any event, FashionPass is incorrect, as the Woodland Hills location is a retail store. *See* Topanga, https://www.renttherunway.com/stories/topanga (last visited Apr. 29, 2019).

of business in New York. *See* Ex. A at p. 2, ¶ 4.

16. The amount in controversy in this Action exceeds $75,000, the jurisdictional minimum for diversity jurisdiction. Under 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2); *see also Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961); *Bosco Legal Servs.*, 2018 WL 3012936, at *3.

17. For Counts I, III, and IV, FashionPass claims it has been damaged "in excess of $3 million" *See* Ex. A at pp. 9, 11, 13, ¶¶ 31, 48, 55. For Count I, FashionPass also alleges it is entitled "to recover 3 times the damages sustained by it, according to proof . . . [as well as] reasonable attorney fees in connection with the commencement and prosecution of this action." *Id*. at p. 9, ¶¶ 31-32. FashionPass further alleges that for Count II, it is entitled to injunctive relief and "to such judgment and orders of this Court as are necessary and appropriate to restore to FashionPass the profits it lost by reason of Defendants' wrongdoing, together with prejudgment interest thereon, at the legal rate of 10% per annum, according to proof." *Id*. at p. 10, ¶¶ 37-38. Lastly, for Counts III and IV, FashionPass claims it "is entitled to recover from RTR and Does 1 through 100 punitive and exemplary damages, pursuant to *Civil Code* section 3294." *Id*. at pp. 11, 13, ¶¶ 49, 56.

18. Because there is complete diversity among FashionPass and RTR, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### PROCEDURAL REQUIREMENTS FOR REMOVAL

19. Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed — Los Angeles County, California. 28 U.S.C. § 1446(a).

20. Removal is timely under 28 U.S.C. § 1446(b). FashionPass filed the Summons and Complaint on March 26, 201. *See* Ex. A at p. 1.

1      21.    Because RTR was served with the Summons and Complaint on March 29, 2019, RTR's time to respond has not expired. RTR has not served or filed an answer or motion in response to the Complaint or otherwise appeared in the Action. No motion or other proceeding is pending in the Action in the California Superior Court of Los Angeles County in the State of California.

       22.    In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendant will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the California Superior Court of Los Angeles County; (b) serve a true and correct copy of this Notice of Removal on all adverse parties (FashionPass); and (c) file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

       23.    RTR reserves the right to submit additional evidence and argument as needed to supplement and support this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

DATED: April 29, 2019                    Respectfully submitted,

                                         WEIL, GOTSHAL & MANGES LLP

                                         By:  /s/ David R. Singh
                                                  David R. Singh

                                         State Bar No. 300840
                                         David.Singh@weil.com
                                         Eric A. Rivas
                                         State Bar No. 324577
                                         Eric.Rivas@weil.com

                                         **WEIL, GOTSHAL & MANGES LLP**
                                         201 Redwood Shores Parkway
                                         Redwood Shores, CA 94065-1134
                                         Telephone: (650) 802-3010
                                         Facsimile: (650) 802 3100

                                         ***Attorneys for Defendant Rent the Runway, Inc.***