UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FASHIONPASS, INC., | CASE NO. 2:19-03537-GW (JCx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER RE DISCOVERY** |
| vs. | |
| RENT THE RUNWAY, INC., | |
| Defendant. | Dept.: Courtroom 9D, 9th Floor<br>Judge: Honorable George H. Wu |

///
///
///
///
///
///
///
///
///

1

Plaintiff FASHIONPASS, INC. ("FashionPass") and Defendant RENT THE RUNWAY, INC. ("RTR") jointly submit this Stipulated Protective Order (the "Protective Order" or "Order"):

## PROTECTIVE ORDER

1.    A. PURPOSES AND LIMITATIONS

As the Parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B.    GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the Parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. The parties shall not designate any information/documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL without a good faith belief that

2

such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.    DEFINITIONS

    2.1    Action:    The instant action:    *FashionPass, Inc. v. Rent The Runway, Inc.*, Case No. 2:19-cv-03537-GW(JCx).

    2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    CONFIDENTIAL Information:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), provided by or on behalf of a Designating Party, which is believed in good faith by the Designating Party or the Designating Party's counsel, to contain non-public material and: (a) constitute or contain material or information concerning which the Designating Party has an obligation of confidentiality to a Non-Party; or (b) the Designing Party believes constitutes or contains confidential research, personal or commercial information.

    2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.7    HIGHLY CONFIDENTIAL Information:  any CONFIDENTIAL Information that the Designating Party believes, in good faith, is so sensitive that its

3

disclosure, even if limited by the restrictions placed on CONFIDENTIAL Information in this Protective Order, could cause competitive harm or injury to the Designating Party. For the avoidance of doubt, HIGHLY CONFIDENTIAL Information includes documents reflecting negotiations with suppliers, terms of agreements with suppliers, pricing of products and subscriptions, competitive strategy, website design, marketing strategy, purchasing strategy, and fund raising strategy.

     2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

     2.9   <u>Party or Parties</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and in-house counsel.

     2.10   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

     2.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

     2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

     2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

     The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party under this Order must take care to designate Protected Material in good faith and shall limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify the Receiving Party that it is withdrawing the inapplicable designation. Further, nothing herein waives or limits Receiving Party's rights to object to designations to such materials.

///

5

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," to each page that contains protected material.

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a HIGHLY CONFIDENTIAL or CONFIDENTIAL designation at any time that is consistent with the Court's scheduling order.

6

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and/or baseless designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the Parties) may expose the Parties to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, or the Court otherwise ruled that designation(s) are not appropriate, all Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)  the Receiving Party's outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this litigation;

7

1  (b) Experts (as defined in this Order) of the Receiving Party to whom
2  disclosure is reasonably necessary for this Action and who have signed the
3  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
4  (c) the Court and its personnel;
5  (d) court reporters and their staff;
6  (e) professional jury or trial consultants, mock jurors, and Professional
7  Vendors to whom disclosure is reasonably necessary for this Action and who have
8  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
9  (f) the author or recipient of a document containing the information or a
10  custodian or other person who otherwise possessed or knew the information;
11  (g) during their depositions, witnesses, and attorneys for witnesses, in the
12  Action to whom disclosure is reasonably necessary, provided the deposing Party
13  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"
14  form attached as Exhibit A hereto.  Pages of transcribed deposition testimony or
15  exhibits to depositions that reveal Protected Material may be separately bound by
16  the court reporter and may not be disclosed to anyone except as permitted under this
17  Protective Order; and
18  (h) any mediator or settlement officer, and their supporting personnel,
19  mutually agreed upon by any of the Parties engaged in settlement discussions.
20  7.3 Disclosure of "CONFIDENTIAL" Information or Items.
21  (a) any persons who may receive HIGHLY CONFIDENTIAL
22  Information as specified above in Section 7.2; and
23  (b) the officers, directors, and employees of the Receiving Party to whom
24  disclosure is reasonably necessary for this Action, upon signing the
25  "Acknowledgment and Agreement to Be Bound" that is attached hereto as
26  Exhibit A.
27  ///
28  ///

8

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

9

1    Nothing in these provisions should be construed as prohibiting a Non-Party from

2    seeking additional protections.

3              (b)  In the event that a Party is required, by a valid discovery request, to

4    produce a Non-Party's confidential information in its possession, and the Party is

5    subject to an agreement with the Non-Party not to produce the Non-Party's

6    confidential information, then the Party shall:

7              (1)  promptly notify in writing the Party seeking the disclosure and the

8    Non-Party that some or all of the information requested is subject to a

9    confidentiality agreement with a Non-Party;

10             (2)  promptly provide the Non-Party with a copy of the Protective

11   Order in this Action, the relevant discovery request(s), and a reasonably specific

12   description of the information requested; and

13             (3)  make the information requested available for inspection by the

14   Non-Party, if requested.

15             (c)  If a Non-Party represented by counsel fails to commence the process

16   called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

17   notice and accompanying information or fails contemporaneously to notify the

18   Producing Party that it has done so, the Producing Party may produce the Non-

19   Party's confidential information responsive to the discovery request.  If an

20   unrepresented Non-Party fails to seek a protective order from this court within 14

21   days of receiving the notice and accompanying information, the Producing Party

22   may produce the Non-Party's confidential information responsive to the discovery

23   request.  If the Non-Party timely seeks a protective order, the Producing Party shall

24   not produce any information in its possession or control that is subject to the

25   confidentiality agreement with the Non-Party before a determination by the court

26   unless otherwise required by the law or court order.  Absent a court order to the

27   contrary, the Non-Party shall bear the burden and expense of seeking protection in

28   this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement into this Protective Order.

12.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives

///

11

1  any right to object on any ground to use in evidence of any of the material covered

2  by this Protective Order.

3       12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

4  Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

5  orders of the assigned District Judge and Magistrate Judge.  If a Party's request to

6  file Protected Material under seal is denied by the Court, then the Receiving Party

7  may file the information in the public record unless otherwise instructed by the

8  Court.

9  13.    <u>FINAL DISPOSITION</u>

10       Within 60 days after the final disposition of this Action, as defined in Section

11  4, each Receiving Party should take reasonable steps to either return all Protected

12  Material in its possession, custody or control to the Producing Party or destroy such

13  material.  As used in this subdivision, "all Protected Material" includes all copies,

14  abstracts, compilations, summaries, and any other format reproducing or capturing

15  any of the Protected Material.  Whether the Protected Material is returned or

16  destroyed, the Receiving Party must submit a written certification to the Producing

17  Party (and, if not the same person or entity, to the Designating Party) by the 60 day

18  deadline that affirms that all the Protected Material was returned or destroyed, and

19  that the Receiving Party has not retained any copies, abstracts, compilations,

20  summaries or any other format reproducing or capturing any of the Protected

21  Material.  Notwithstanding this provision, counsel are entitled to retain an archival

22  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

23  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

24  work product, and consultant and expert work product, even if such materials

25  contain Protected Material.  Any such archival copies that contain or constitute

26  Protected Material remain subject to this Protective Order as set forth in Section 4.

27  ///

28  ///

STIPULATED PROTECTIVE ORDER RE: DISCOVERY        Case No. 2:19-03537-GW (JCx)

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED**.

DATED:  August 8, 2019

_____/s/_____
Honorable Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

August 8, 2019 in the case of *FashionPass, Inc. v. Rent The Runway, Inc.*,

Case No. 2:19-cv-03537-GW(JCx).

I agree to comply with and to be bound by all the terms of this Protective

Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.  I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER RE: DISCOVERY                    Case No. 2:19-03537-GW (JCx)