DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
ERIC A. RIVAS (Bar No. 324577)
eric.rivas@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
RENT THE RUNWAY, INC.

UNITED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FASHIONPASS, INC.,

Plaintiff,

v.

RENT THE RUNWAY, INC.; AND DOES 1 THROUGH 100, INCLUSIVE,

Defendants.

Case No. 2:19-cv-03537 GW (JCx)

**DEFENDANT RENT THE RUNWAY, INC.'S OPPOSITION TO FASHIONPASS, INC.'S *EX PARTE* APPLICATION TO EXTEND THE TIME TO FILE ITS FIRST AMENDED COMPLAINT**

FashionPass, Inc.'s ("FashionPass") *ex parte* application is wholly improper and falls far short of meeting the heavy burden required to obtain *extraordinary* relief to justify a second extension of time for FashionPass to manufacture a theory for its Amended Complaint, which is due in two weeks on August 30—more than *two months* after this Court's dismissal of the Complaint. As set forth below, the *ex parte* application made by the third set of counsel to represent FashionPass is the start of a transparent, baseless, and untimely effort to have this Court reconsider its prior rulings *limiting* discovery in a case with no operative pleading.

While Rent the Runway, Inc. ("RTR") disputed the propriety of allowing *any* discovery by a competitor with no operative complaint, at substantial expense,[1] it has played by the rules and produced the requisite discovery. What has FashionPass been doing these past two months? Switching to another set of counsel—who knew about the Court's rulings because they tried to defend RTR, but have since flip-flopped to representing FashionPass—and who are apparently unhappy with the current posture of the litigation is certainly not a valid excuse for extraordinary relief. The time has come for FashionPass to amend or not. All sets of FashionPass's counsel – its first and second sets of counsel during a hearing with the Court on June 24 and its third set of counsel yesterday during a meet and confer with RTR – have asserted that FashionPass has sufficient information to file its amended complaint. FashionPass has two weeks remaining to do so. Accordingly, RTR respectfully requests that the Court hold FashionPass to the same schedule that RTR has operated under and deny FashionPass's *ex parte* application to further extend the time to file an amended complaint.

[1] RTR's vendor costs to date amount to approximately $25,000. *See* Declaration of David R. Singh ("Singh Decl.") ¶ 9.

## I. BACKGROUND

Despite the overblown and mistaken characterizations in the *ex parte* application, RTR has diligently and fully complied with this Court's July 11, 2019 order requiring RTR to produce limited discovery to FashionPass. Prior to doing so, RTR worked cooperatively with FashionPass's two prior sets of counsel, including by accommodating their request for an extension to file their amended complaint. *See* Dkt. 37. FashionPass's time to file an amended complaint was extended already from August 16, 2019 to August 30, 2019. Dkt. 38.

Additionally, the parties met and conferred regarding the scope of RTR's limited production, culminating in a Joint Status Report that was submitted to this Court on June 27, 2019. Dkt. 32. As part of the Joint Status Report, RTR proposed two categories of documents for its production of limited discovery:

> (1) All agreements (but not including purchase orders) between RTR, on the one hand, and each of Blank NYC, Elliatt, Flynn Skye, ASTR the Label, Yumi Kim, on the other hand, entered into after the alleged purchase orders described in paragraphs 40-44 of the Complaint; and
>
> (2) All communications between RTR, on the one hand, and each of Blank NYC, Elliatt, Flynn Skye, ASTR the Label, Yumi Kim, on the other hand related to the negotiation of the agreements set forth in No. 1 that mention FashionPass by name or description.

Dkt. 32 at 6.

FashionPass's prior counsel took issue with RTR's proposal in the Joint Status Report, complaining that "RTR's proposed language is too limited with respect to scope and the time-period." Dkt. 32 at 4-5. Counsel again raised his concern at the July 11, 2019 scheduling conference. *See* Dkt. 35 ("Just on the issue of the communications, the way that they wrote their proposal in the joint report was the communications that would refer to Fashion Pass or Rent the Runway's knowledge would be limited to

communications only between RTR and the five businesses. That is not the global scope of their knowledge of our relationships.").

After the Court heard the parties' positions on the scope of limited discovery at this scheduling conference, it "agreed with the defense except [it] would agree with [FashionPass] that [it] would probably put [the relevant period] to the January 1st of 2017." Dkt. 35 at 13-14 ("Now insofar as the other one as to the interference with prospective economic advantage . . . I will allow the plaintiff to choose any five additional ones that you can choose them. And you will submit them to the defense, and the defense will comply along a similar fashion as to those five that you choose."). The Court therefore agreed with RTR's proposed categories of limited discovery with two specific modifications: (1) the relevant period for limited discovery would date back to January 1, 2017; and (2) RTR would have to produce the already-specified limited discovery for five additional brands of FashionPass's choosing.

On August 9, 2019, two days after FashionPass's new counsel appeared in this case (Dkt. 39, 40), RTR complied with its discovery obligation and timely served 169 documents. As soon as new counsel for FashionPass appeared and raised issues with RTR's discovery on August 13, 2019, RTR responded quickly in writing on August 14, 2019 and met and conferred promptly. Notably, FashionPass's application is incomplete and omitted RTR's response to the inaccurate summary of the parties' teleconference yesterday. *See* Singh Decl. at ¶¶ 7-8, Exhibit ("Ex.") A.

## II. ARGUMENT

As this Court knows, *ex parte* applications are for extraordinary relief and are rarely justified. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); *see also* http://www.cacd.uscourts.gov/honorable-george-h-wu ("Ex parte applications are for extraordinary relief."). They are inherently unfair, pose a threat to the administration of justice, debilitate the adversary system, and the goal often

appears to be to surprise opposing counsel at least to force him or her to drop all other work to respond on short notice. *Id*. at 490. "In papers prepared on short notice, . . . the lawyers too often simply make allegations that have no supporting evidence to back them up." *Id*. at 491. Thus, *ex parte* applications are subject to a heightened standard as they can be abused by a moving party engaging in gamesmanship. *See id*. at 490-92; *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("Ex parte applications . . . impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason.").

First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power*, 883 F. Supp. at 492. To show irreparable prejudice, the Plaintiff must show that there are close issues that justify the court's review before the party suffers the severe harm. *Id*. If the harm would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. *Id*.

FashionPass has failed to cite the applicable standard for *ex parte* relief, and for good reason: it cannot establish a legitimate need for such extraordinary relief. First, FashionPass will not suffer irreparable prejudice if its request is heard according to regular noticed motion procedure, as counsel for FashionPass *himself admitted* at yesterday's meet and confer that he has "***enough to amend***" the complaint on August 30, 2019 pursuant to the extension granted by this Court. *See* Singh Decl. at ⁋ 6; Dkt. 38. FashionPass's first set of counsel likewise represented to this Court at the June 24, 2019 hearing that "***[FashionPass] can, in fact, amend*** all of the aspects that the court pointed to." Dkt. 29 at 4. What is more, FashionPass has had *almost two months* since

this Court dismissed the complaint in its entirety. *See* Singh Decl., Ex. A. Thus, FashionPass – allegedly already equipped with sufficient discovery to adequately amend its complaint – has not, and cannot, demonstrate it will suffer irreparable prejudice if its request is heard according to regular motion procedure.

Second, FashionPass's perceived need to file its request for *ex parte* relief is also a problem of its own making. As discussed *supra*, FashionPass is now on its *third set of* counsel—Sidley Austin, which unsuccessfully pitched RTR to *defend* against FashionPass's allegations in this case. *See* Singh Decl. at ¶ 4. Current counsel for FashionPass made the opportunistic decision to represent FashionPass in this matter after its deficient pleading had already been exposed (Dkt. 33), and *after* prior counsel for FashionPass already advocated for – and did not receive – a greater scope of limited discovery. *See* Dkt. 32, 35. This is precisely the type of tactical *ex parte* application that is improper. Now, under the guise of a manufactured and self-interested "emergency" within two weeks of appearing in this case (Dkt. 39, 40), FashionPass's new counsel complains that RTR's production of limited discovery deviates from this Court's order at a scheduling conference in which it took *no part*. As the Court made abundantly clear, it intended "a very limited allowance in terms of discovery, not an overall discovery exercise." Dkt. 35 at 4. To this end, the Court expressly adopted RTR's position, memorialized in the Joint Status Report (Dkt. 32 at 6), except that it expanded the timeframe to January 1, 2017 and allowed discovery in a "similar fashion" with respect to five other manufacturers to be selected by FashionPass. Dkt. 35 at 13-14. Nevertheless, FashionPass's third set of counsel now attempts to resurrect a position that this Court already rejected when advocated by its second set of counsel. *Id*. at 13. In sum, FashionPass's alleged need for a second extension of time is a byproduct of its own independent choice to insist on a revolving door of counsel, and no last minute attempt to muddy the waters of a previously resolved limited discovery

dispute warrants any such extension.

FashionPass's *only* stated need for *ex parte* relief is that "without the[] documents [it seeks], FashionPass cannot fully assess and plead its allegations of misconduct." FashionPass *Ex Parte* Application at 3. But especially in light of the documents that RTR has produced pursuant to the Court's July 11, 2019 order, FashionPass either has a good faith basis consistent with the Rules, applicable law, and this Court's prior dismissal of the initial Complaint, or it does not. FashionPass is not entitled to a fishing expedition to search for a claim it lacks a good faith basis to assert. Rather, as the Court told FashionPass, it must "do its own leg work." *See* Dkt. 35 at 8 ("Your client can't go to the defendant and say, I want this stuff at this point in time unless your client does some initial leg work to establish a basis for making that type of claim."),

Thus, for the reasons set forth above, this Court should reject FashionPass's request for *ex parte* relief and hold it to the parties' stipulated schedule.

DATED: August 17, 2019

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ David R. Singh*

David R. Singh
State Bar No. 300840
David.Singh@weil.com
Eric A. Rivas
State Bar No. 324577
Eric.Rivas@weil.com

**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802 3100

Eric S. Hochstadt (*pro hac vice*)
Lauren A. Jacobson (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Lee S. Brenner
State Bar No. 180235
lsbrenner@Venable.com
Ken D. Kronstadt
State Bar No. 259996
kdkronstadt@Venable.com
**VENABLE LLP**
2049 Century Park East Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 339-9901

***Attorneys for Defendant Rent the Runway, Inc.***

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, Redwood Shores, California 94065-1175 (hereinafter "WGM"). I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on August 17, 2019, I served a copy of: DEFENDANT RENT THE RUNWAY, INC.'S OPPOSITION TO FASHIONPASS, INC.'S *EX PARTE* APPLICATION TO EXTEND THE TIME TO FILE ITS FIRST AMENDED COMPLAINT

**BY OVERNIGHT DELIVERY** by placing a true copy thereof enclosed in a sealed envelope with overnight delivery fees provided for, addressed as follows, for collection by Federal Express at WGM in accordance with WGM's ordinary business practices. I am readily familiar with WGM's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of WGM's business practice the document(s) described above will be deposited by an employee or agent of WGM in a box or other facility regularly maintained by Federal Express for collection on the same day that the document(s) are placed at WGM.

Chad S. Hummel
Sidley Austin LLP
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067

Executed on August 17, 2019, at Redwood Shores, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*/s/ Tracy Herrington*
Tracy Herrington