Chad S. Hummel (SBN 139055)
chummel@sidley.com
Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9505
Facsimile: (310) 595-9501

Tara Church (SBN 235385)
TChurch@tarachurchlaw.com
Law Offices of Tara Church, Esq.
13755 Bayliss Road, Second Floor
Los Angeles, CA 90049
Telephone: (310) 529-1677

*Attorneys for Plaintiff*
*FashionPass, Inc.*

David R. Singh (Bar No. 300840)
david.singh@weil.com
Eric Rivas (Bar No. 324577)
eric.rivas@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant*
*Rent The Runway, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASHIONPASS, INC., | Case No. 2:19-03537-GW (JCx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | Scheduling Conference |
| RENT THE RUNWAY, INC., | Date: September 9, 2019 |
| Defendant. | Time: 8:30 a.m. |
| | Place: Courtroom 9D, 9th Floor |
| | Judge: Honorable George H. Wu |
| | Amended Complaint Served: August 27, 2019 |

1    Pursuant to Federal Rules of Civil Procedure, Rule 26(f), Local Rule 26-1, and
2    the Court's Order Granting Stipulation for Extension of Time entered on July 30, 2019,
3    Plaintiff FASHIONPASS, INC. ("FashionPass") and Defendant RENT THE
4    RUNWAY, INC. ("RTR") jointly submit this Joint Rule 26(f) Report.

5    **A.    Statement of Claims and Defense**

6    ***FashionPass's Statement***:  Plaintiff FashionPass timely filed its FAC against
7    RTR on August 27, 2019, alleging six causes of action: monopolization and attempted
8    monopolization in violation of Section 2 of the Sherman Act (15 U.S.C. §2), intentional
9    interference with prospective economic advantage, negligent interference with
10   prospective economic relations, intentional interference with contract, and violations of
11   California's unfair competition law (California Business and Professions Code
12   §17200).  FashionPass has elected not to pursue claims under California's Cartwright
13   Act.

14   Mindful of the Court's expressed reasoning in its Order dismissing *without*
15   prejudice FashionPass's original complaint in this case, and having recently retained
16   experienced antitrust counsel which has closely examined  RTR's conduct, as well as
17   the damning documentary discovery produced on August 9, 2019 pursuant to this
18   Court's order, FashionPass filed an FAC that clearly, succinctly, and plausibly alleges
19   facts that meet all of the essential elements of the Section 2 causes of action – including
20   predatory conduct by RTR specifically intended to maintain monopoly power and harm
21   competition in the domestic market for fashion rentals without any legitimate business
22   justification.  More specifically, based in part on the documents recently produced by
23   RTR, FashionPass has detailed in the FAC an elaborate scheme by RTR  (which RTR
24   internally calls its "big initiative") conceived and executed by RTR's senior
25   management to (1) identify (sometimes surreptitiously) the unique fashion brands that
26   were offered to for rental to paid subscribers of RTR's competitors, then (2) targeting
27   those and other fashion designer brands, to (3) coerce them, and, on information and
28   belief, many others, into agreeing to what RTR calls "rental exclusivity" by threatening

to refuse to buy from those fashion designer brands unless they deal with RTR **exclusively**.  FashionPass is aware of at least 22 distinctive designer brands with which it and other competitors had economic relationships that have since been coerced into "rental exclusivity" with RTR; there are likely many more.  The exclusive arrangements are not limited in time – the brands targeted by RTR are locked to them and foreclosed to others indefinitely.  Under the conditions of this market, this coercion resulting in a web of exclusive arrangements is paradigmatic predatory conduct actionable under Section 2 when performed by a firm, like RTR, that dominates the market, when that firm already has a monopoly share of the market, and when the conduct results in harm to competition in the form of reduced output and choices to consumers, higher fashion rental subscription pricing, and higher entry barriers because coveted brands are artificially taken out of play for competitors for no legitimate reason.  This is precisely that type of harm to competition that court's throughout the country have recognized in Section 2 cases.

Contrary to RTR's statement, FashionPass has not "abandoned" its prior allegations; rather, it has refined and focused its allegations to pursue legitimate redress for the predatory misconduct of RTR.  In addition to the Section 2 claims, but predicated on the antitrust violations as independently wrongful conduct, FashionPass alleges interference tort claims and violations of California's UCL.  It seeks compensatory damages, punitive damages, treble damages under the Sherman Act, injunctive relief, and attorneys' fees and costs.

RTR has indicated that it will file a Motion to Dismiss the FAC.  In the required Local Rule 7-3 meeting of counsel in advance of the filing on August 4, 2019, RTR and FashionPass were unable to agree on the merits of RTR's contemplated Motion, and FashionPass did not agree voluntarily to withdraw its Complaint.  RTR cited no persuasive authority either in the conference or in advance demonstrating why the FAC does not *allege* all the essential elements of each cause of action.  RTR's citation

JOINT RULE 26(f) REPORT                                    CASE No. 2:19-03537-GW (JCx)

WEIL:\97172751\1\69537.0003

1   to cases below that considered predatory pricing claims are entirely inapposite, as will

2   be demonstrated in FashionPass's opposition to the motion to dismiss.

3   Finally, it is important to note that at no time since this case was filed, or in the

4   LR 7-3 conference, has RTR ever denied any of the ***facts*** that form the basis of these

5   claims.  It has never stated (because is cannot under Rule 11) that it has not threatened

6   and coerced fashion brands into "rental exclusivities" which are of indefinite term;  it

7   is never revealed the true scope of the implementation of its "big initiative" or the

8   number of fashion brands that are foreclosed; and it has never disclosed or proffered

9   so much as a single legitimate business justification for its conduct.  That silence is

10  telling, even more so perhaps than the numerous documents produced by RTR on

11  August 9 that evidence its scheme to monopolize.

12  Prior to the time that the Motion is heard and decided, the Court can and should

13  address several matters at the scheduled status conference on September 9, 2019,

14  including:

15  1.   Whether RTR complied with the Court's prior directive to produce "all"

16  communications regarding the negotiation of exclusive contracts with the ten designer

17  fashion brands as ordered by this Court, as it expressly promised to do;

18  2.   The timing and scope of future discovery compliance by RTR in this

19  matter, if the case proceeds after the motion to dismiss is decided;

20  3.   The need for supplemental initial disclosures; and

21  4.   A case schedule that does not unduly delay a decision on the merits of the

22  asserted claims.

23  FashionPass's positions on these matters are addressed below.

24  ***RTR's Statement***:  As RTR's forthcoming renewed Motion to Dismiss will

25  show when filed next week (by September 10, 2019), FashionPass's First Amended

26  Complaint ("FAC") is a complete "redo" of the Original Complaint.  No redline was

27  provided to the Court by FashionPass because it shows a wholesale rewriting,

28

1  abandonment of allegations, and flip-flopping of a lawsuit to try to circumvent this

2  Court's ruling, which dismissed the Original Complaint in its entirety on June 24,

3  2019.  *See* ECF No. 27.

4         For example, the centerpiece of the Original Complaint was a Cartwright Act

5  claim that this Court concluded was insufficiently pled for lack of any plausible

6  allegations of market-wide harm to competition, as opposed to mere harm alleged to

7  FashionPass.  *Id.* at 5.  Unable to plead harm to competition as required by this Court,

8  the FAC has abandoned FashionPass's Cartwright Act claim.  In sum, even with the

9  benefit of discovery to help FashionPass re-plead its allegations and the perspectives

10 of three (and now four) sets of different counsel, the FAC reflects a misguided lawsuit

11 in search of a theory that suffers from the same fatal deficiencies as the Original

12 Complaint.  As RTR will show next week, the time has come for this case to be

13 dismissed with prejudice.

14        FashionPass cannot turn the Federal Rules on their head by loading up a Rule

15 26 statement with baseless accusations and overblown statements.  RTR objects to

16 the hyperbole that FashionPass uses in its statement and its gross mischaracterizations

17 of the discovery that RTR has produced, but will address that further if and when

18 necessary.  RTR also objects to FashionPass's use of the Joint 26(f) Report to

19 regurgitate the allegations in the FAC or pre-oppose RTR's forthcoming renewed

20 Motion to Dismiss.  Further, FashionPass's statement that "RTR cited no authority in

21 the conference or in advance of the [Local Rule 7-3] conference demonstrating why

22 the FAC does not allege all the essential elements of each cause of action" is utterly

23 false.  In advance of the conference, RTR explained that the FAC lacks facts

24 demonstrating RTR engaged in so-called "predatory" conduct under *Brooke Grp. Ltd.*

25 *v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209 (1993) or *Weyerhaeuser Co. v.*

26 *Ross–Simmons Hardwood Lumber Co.*, 549 U.S. 312 (2007) and has failed to

27 demonstrate RTR has monopoly power, or even a dangerous probability of attaining

28

such power, under *United States v. Aluminum Co. of America*, 148 F.2d 416 (2d Cir. 1945) and its progeny.   RTR emphasized the baselessness of FashionPass's allegations given its admission that there are "few barriers to entry."   Instead, FashionPass responded by erroneously insisting the Court's ruling dismissing the Complaint is inapposite, given the Cartwright claim was dismissed on the ground of harm to competition.   At the Local Rule 7-3 conference, RTR again advised FashionPass that its FAC is deficient in various respects, including that it still does not plausibly allege harm to competition, substantial foreclosure, or monopoly or monopsony power.  FashionPass, however, would have this Court believe that RTR's "predatory" conduct resulted in some of its brands refusing to allow FashionPass to purchase certain products, and this somehow satisfies the elements of its antitrust claims, including harm to *competition* and *substantial* foreclosure.   RTR explained that conduct aimed at FashionPass does not suffice to show harm to competition, nor the other elements of its antitrust claims, consistent with the Court's order and as previously discussed via email correspondence prior to the meet and confer.  This will be reflected in RTR's upcoming Motion to Dismiss.

Further, FashionPass's criticism that RTR has not denied the facts alleged in the FAC ignores the posture of this case.  RTR has focused on the insufficiency of the pleadings given the motion to dismiss standard, but fully intends on disputing the merits of FashionPass's claims should the case survive the pleading stage.

RTR reserves its right to assert affirmative defenses if and when there is an operative pleading and RTR is required to do so.

## B.   Rule 26(f) Discovery Plan

### 1.   Rule 26(a)(1) Disclosures

The parties exchanged Rule 26(a)(1) Initial Disclosures on July 8, 2019.  Both RTR and FashionPass reserve their respective rights to revisit the need for, and the timing of, any additional initial disclosures.  It is FashionPass's position that RTR's

5

initial disclosures were inadequate, but FashionPass agrees to discuss the disclosures at a later time. RTR notes that FashionPass is raising the alleged inadequacy of its initial disclosures for the first time merely four hours prior to submission of this report and has not yet raised any purported deficiencies with RTR. The parties agreed that no other changes should be made to the form or requirement for disclosures under Rule 26(a).

> **2.** **Subjects on Which Discovery May Be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or Limited to or Focused on Particular Issues**

***RTR's Statement:*** The Court's Order authorizing limited discovery only for purposes of FashionPass attempting to re-plead its lawsuit remains in effect. *See* ECF No. 35. This will be for a temporary period until the Court can rule on the sufficiency of the FAC. For these reasons and those set out below, RTR respectfully requests the Court set the status conference for the same date as the hearing on the renewed Motion to Dismiss the FAC.

Without the existence of an operative pleading in this case, this Court allowed FashionPass discovery to help plead its intentional interference with contract and intentional interference with prospective economic advantage claims. *Id.* at Tr. 8:16-20. This was over RTR's objection. But even with the benefit of the requested discovery, which cost RTR approximately $25,000 (excluding attorney time), FashionPass's FAC nonetheless fails to state a claim, which RTR intends to show in its renewed Motion to Dismiss, to be filed by September 10, 2019.

Two deficient complaints do not amount to good cause for even broader and more expensive discovery. As the Supreme Court cautioned, "[i]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 588, 678-79 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 marks a notable and generous departure from the

hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); Fed. R. Civ. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").  The Supreme Court's guidance is particularly applicable in this case.

Well aware of its continued failure to allege harm to market competition in the market, FashionPass apparently intends to use the upcoming scheduling conference as a platform to yet again seek reconsideration of the Court's July 11 order providing "limited discovery" from RTR before determination of whether FashionPass has even stated a claim.  Counsel for FashionPass admitted as much during the Local Rule 7-3 meet and confer with RTR on September 3, lamenting that he was not happy with how his predecessor counsel framed the need for discovery.  FashionPass has already had multiple opportunities to be heard on this issue, as the parties have argued whether discovery is appropriate at this stage and, if so, the appropriate scope, several times already, including in a joint submission to the Court on July 8 (ECF No. 32), at a hearing on the discovery dispute on July 11 (ECF No. 35), and in FashionPass's *ex parte* motion to extend the time to file an amended complaint (based on purported discovery deficiencies), which the Court denied (ECF Nos. 47-48).  The discovery that RTR proposed, as detailed in the July 8, 2019 status report, and the Court permitted, was as follows:

> (1) All agreements (but not including purchase orders) between RTR, on the one hand, and each of Blank NYC, Elliatt, Flynn Skye, ASTR the Label, Yumi Kim, on the other hand, entered into after the alleged purchase orders described in paragraphs 40-44 of the Complaint; and
>
> (2) All communications between RTR, on the one hand, and each of Blank NYC, Elliatt, Flynn Skye, ASTR the Label, Yumi Kim, on the other hand

7

related to the negotiation of the agreements set forth in No. 1 that mention FashionPass by name or description.

ECF No. 32 at 6.  As RTR detailed in its response to FashionPass's rejected *ex parte* application, the Court agreed with RTR as to the scope of discovery to be produced, except that it added five additional brands and extended the discovery period back to January 1, 2017.  ECF No. 48 at 3 (quoting ECF No. 35 at 13-14).

The Court clearly intended its order allowing "limited discovery" to be a compromise, providing FashionPass with some information, but not to substitute for FashionPass doing its own homework, including with respect to the need to allege facts establishing harm to competition.  *See* ECF No. 35 at 8 ("[Y]our client has to do its own leg work. Your client can't go to the defendant and say, I want this stuff at this point in time unless your client does some initial leg work to establish a basis for making that type of claim.").  Reconsideration motions are disfavored and FashionPass cannot show that any of the specifically-identified grounds for reconsideration in Fed. R. Civ. P. 54(b) are satisfied; the Court should not indulge a backdoor attempt at a reconsideration motion.

RTR intends to select October 10, 2019 as the hearing date, and therefore the renewed Motion to Dismiss will be fully briefed on September 26, 2019.  RTR respectfully requests that it would be more efficient if the Rule 26(f) conference is extended to October 10, 2019, so that the renewed Motion to Dismiss hearing on the FAC and the Rule 26(f) conference can take place on the same day, as the Court did for the Original Complaint on June 24, 2019.

***FashionPass's Statement***:  Without prejudice to its rights to seek discovery on all relevant issues, FashionPass contemplates that it will need and seek discovery from RTR and various third-parties, regarding FashionPass's claims against RTR for monopolization and attempted monopolization in violation of Section 2 of the Sherman Act (15 U.S.C. §2), intentional interference with prospective economic

advantage, negligent interference with prospective economic relations, intentional interference with contract, and violations of California's unfair competition law (California Business and Professions Code §17200).   The discovery can await resolution of RTR's pending Motion to Dismiss.

FashionPass proposes that all fact discovery shall be completed by all parties no earlier than 6 months before trial.  FashionPass proposes that trial in this matter be set for November 30, 2020, or as soon thereafter as the Court may deem appropriate. Based on a proposed November 30, 2020, trial date, FashionPass proposes a discovery cut-off of no earlier than May 20, 2020.

FashionPass believes that discovery should not be conducted in phases or limited to or focused on specific issues.

Moreover, as the Court knows, during the July 11, 2019, the Court granted limited discovery to FashionPass, ordering RTR to produce documents *relating to the negotiation* of exclusive purchase contracts that RTR has with ten specific brands. *See* ECF No. 35.  As FashionPass stated in its *ex parte* application, RTR made a production on August 9, 2019, however, it was inadequate in several respects, including that RTR excluded communications from its production if they did not specifically reference FashionPass or if they were internal.  *See* ECF No. 47. Notwithstanding the Court's denial of FashionPass's *ex parte* application which sought a limited extension of time to file its FAC in light of this serious discovery dispute with RTR, FashionPass seeks the Court's guidance on whether and when it will hear a short motion to compel.

As previously discussed, it is FashionPass's position that the Court should keep the currently set date of September 9, 2019 for the Rule 26(f) conference. There are several ripe issues that Court can and should address that should not be delayed simply because RTR intends to file a Motion to Dismiss.

/ / /

9

3.   **Issues Regarding Disclosure, Discovery or Preservation of Electronically Stored Information**

***RTR's Statement:*** During negotiations of the stipulated protective order, the parties reached an impasse as to whether in-house counsel can be permitted to view Highly Confidential documents. RTR advised FashionPass that in the unlikely event that there is an operative pleading (and therefore, mutual discovery), it will be necessary for RTR's in-house counsel to have access to such documents produced by FashionPass in order to make strategic legal decisions about the case. RTR even offered to have its in-house counsel sign a statement agreeing not to share the contents of such documents with RTR's businesspeople. FashionPass, which apparently does not have in-house counsel, nonetheless refused to agree to any reasonable compromise, instead proposing language that did not address RTR's concerns. Finally, in order to produce documents by the agreed August 9, 2019 deadline and avoid incurring client charges on a matter that will likely be moot, RTR proposed a modified protective order to govern its production only, as FashionPass was not producing documents at the time. RTR advised FashionPass that it was reserving its rights on this issue and was only agreeing to the modified language in order to have a protective order in place by the production deadline.[1] If FashionPass's FAC survives RTR's renewed Motion to Dismiss (which RTR does not believe will happen), in-house counsel's ability to view Highly Confidential documents produced by FashionPass will need to be resolved.

At this time, RTR does not foresee additional issues regarding the disclosure or discovery of electronically stored information.

4.   **Issues Regarding Claims of Privilege and Protection of Trial Preparation Materials**

As stated in the parties' June 10, 2019 26(f) report, the parties propose using the procedures set forth in *Federal Rules of Civil Procedure*, Rule 26(b)(5),

---

[1] *See* email from E. Rivas to D. Outwater (July 23, 2019). This email is on file with RTR and can be provided to the Court upon its request.

10

regarding any claims of privilege and the protection of materials asserted to be for trial preparation.

### 5. Changes in Limitations on Discovery Imposed Under the Federal Rules or Local Rules

As stated in the parties' June 10, 2019 26(f) report, the parties do not request any changes in limitations on discovery imposed under the *Federal Rules of Civil Procedure* or Local Rules.

### 6. Other Orders by the Court Under Rule 26(c) or Rule 16(b) or (c)

The parties have agreed to a stipulated protective order, which was entered by this Court on August 8, 2019. *See* ECF No. 43. As discussed above in No. 3, the protective order must be revisited if FashionPass's FAC survives.

***RTR's Statement:*** RTR disagrees with FashionPass's baseless accusations below with respect to RTR's preservation of ESI. RTR is complying with its preservation obligations and assumes that FashionPass is doing the same (in the unlikely event that the FAC survives and discovery becomes mutual).

***FashionPass's Statement:*** FashionPass has reason to believe that RTR representatives conducted communications regarding its effort to achieve rental exclusivity with several fashion brands via various electronic communication methods other than email, including iMessage, SMS text message, direct message, WhatsApp, etc. No such communications were produced by RTR on August 9. Accordingly, FashionPass reiterates RTR's document preservation obligations for these forms of ESI.

### 7. Service of Discovery and Non-Filed Documents

As stated in the parties' June 10, 2019 26(f) report, the parties have agreed that service of written discovery and other non-filed documents would be effective if served on the parties via electronic mail (e-mail). Documents electronically served shall be deemed served on the date of e-mail transmission, if that

JOINT RULE 26(f) REPORT                              CASE No. 2:19-03537-GW (JCx)

WEIL:\97172751\1\69537.0003

transmission occurs prior to 5:00 p.m. Pacific Time; or on the day immediately following such transmission, if the transmission occurs after 5:00 p.m. Pacific Time.

**C.     Complexity of the Matter**

As stated in the parties' June 10, 2019 26(f) report, the parties have agreed that this matter does not constitute complex litigation requiring the application of any rules in the Manual for Complex Litigation.

**D.     Motion Schedule**

*__RTR's Statement:__*     RTR's position is that setting a motion schedule is premature at this time with its fully briefed Motion to Dismiss to be set for hearing on October 10, 2019. If and when there is an operative pleading, RTR may file a dispositive or partially dispositive motion assuming it is warranted after completion of fact and expert discovery.

Subject to RTR's reservation of rights, based on a proposed April 26, 2021 trial date, RTR proposes that the time for fully briefing dispositive or partially dispositive pre-trial motions shall be no later than February 10, 2021 (75 days before trial).

*__FashionPass's Statement__*:  If RTR's Motion to Dismiss is denied, FashionPass may file a dispositive motion or partially dispositive motion (i.e., motion for summary judgment, or summary adjudication) should it become apparent through discovery that such a motion is warranted.  Based on a proposed November 30, 2020 trial date, FashionPass proposes that the time for filing dispositive or partially dispositive pre-trial motions shall be no later than September 16, 2020 (75 days before trial).

**E.     ADR Procedure and Discussion**

As stated in the parties' June 10, 2019 26(f) report, the parties have selected ADR Position No. 3 (private mediation) under Local Rule 16-15.4.

*__RTR's Statement:__*     The scheduling of ADR is premature at this time with RTR's fully briefed Motion to Dismiss to be set for hearing on October 10, 2019. Accordingly, RTR takes the position that ADR is unlikely to be fruitful unless and

12

until there is an operative pleading in effect. Subject to RTR's reservation of rights, based on a proposed April 26, 2021 trial date, RTR proposes that any mediation occur no later than March 31, 2021.

***FashionPass's Statement***: FashionPass believes that private mediation should occur after limited discovery has been completed, but well in advance of trial. Based on a proposed November 30, 2020, trial date, FashionPass proposes that mediation occur no later than August 31, 2020.

**F.   Estimate of Trial**

***RTR's Statement:***  As stated in the parties' June 10, 2019 26(f) report, RTR currently estimates that the appropriate length of trial will be 10 full court days divided evenly between FashionPass and RTR. As previously discussed, RTR proposes a trial date of April 26, 2021.  RTR further proposes April 16, 2021 as the date for the Final Pre-Trial Conference.

***FashionPass's Statement***:  FashionPass has demanded a jury trial. FashionPass currently estimates that the appropriate length of trial will be 10 full court days divided evenly between FashionPass and RTR.  As previously discussed, FashionPass proposes a trial date of November 30, 2020, and November 20, 2020, as the date for the Final Pre-Trial Conference.

**G.   Additional Parties**

At this time, neither party anticipates any additional parties being added to the case.

**H.   Expert Witnesses**

***RTR's Statement:***  RTR's position is that setting an expert discovery schedule is premature at this time with its fully briefed Motion to Dismiss to be set for hearing on October 10, 2019. Subject to RTR's reservation of rights, based on a proposed April 26, 2021 trial date, deadlines for the disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report

13

1     from an expert witness required under *Federal Rules of Civil Procedure*, Rule

2     26(a)(2)(B) should be filed August 14, 2020. Rebuttal expert reports should be filed

3     by September 25, 2020. Expert depositions should be complete by October 30, 2020.

4         ***FashionPass's Statement***: FashionPass's position is that setting an expert

5     discovery schedule is premature at this time. Subject to FashionPass's reservation of

6     rights, based on a proposed November 30, 2020 trial date, deadlines for the disclosure

7     of the identities of expert witnesses that each party may use at trial to present

8     evidence, and any written report from an expert witness required under *Federal Rules*

9     *of Civil Procedure*, Rule 26(a)(2)(B) should be filed July 17, 2020. Rebuttal expert

10    reports should be filed by August 14, 2020. Expert depositions should be complete

11    by September 18, 2020.

WEIL:\97172751\1\69537.0003

1

2    Dated:  September 4, 2019              Respectfully submitted,

3                                          SIDLEY AUSTIN LLP

4

5                                          By: */s/ Chad S. Hummel*
                                                Chad S. Hummel
6

7                                              *Attorneys for Plaintiff*
                                               *FashionPass, Inc.*
8

9

10   Dated: September 4, 2019               Respectfully submitted,

11                                          WEIL, GOTSHAL & MANGES LLP

12

13                                         By: */s/ David R. Singh*
14                                              David R. Singh
                                                Eric A. Rivas
15                                              Eric S. Hochstadt (*pro hac vice*)
                                                Lauren A. Jacobson (*pro hac vice*)
16

17                                             *Attorneys for Defendant*
                                               *Rent The Runway, Inc.*
18

19

20

21

22

23

24

25

26

27

28
                                        15

JOINT RULE 26(f) REPORT                     CASE No. 2:19-03537-GW (JCx)